**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN PAUL JONES III,

        Appellant,

        v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,

        Agency.

DOCKET NUMBERS
DE-3330-12-0338-I-2
DE-3330-12-0137-I-2

DATE: September 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones III</u>, Albuquerque, New Mexico, pro se.

<u>Robert E. Nerthling II, Esquire</u>, and <u>Murray Kampf</u>, Atlanta, Georgia, for
    the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      In March 2011, the agency issued concurrent competitive and merit promotion vacancy announcements for a GS-13/14/15 Management and Operations Public Health Advisor (PHA) position (overseas) with the agency's Centers for Disease Control and Prevention (CDC). MSPB Docket No. DE-3330-12-0338-I-1, Initial Appeal File (I-1 IAF), Tab 10 at 71-73. In July 2011, the agency issued concurrent competitive and merit promotion vacancy announcements for a GS-13/14/15 Technical PHA position (overseas) with the CDC. I-1 IAF, Tab 9 at 73-78. The appellant, a preference-eligible veteran, applied for both types of PHA positions under the competitive vacancy announcements for those positions, each of which was an open continuous vacancy announcement.[2] I-1 IAF, Tab 9 at 54-71, Tab 10 at 54-69. The

---

[2] The announcement number for the competitive vacancy announcement for the Management and Operations PHA position was HHS-CDC-OD-11-432476

competitive vacancy announcement for the Management and Operations PHA position was open from March 9, 2011, to March 8, 2012, and the competitive vacancy announcement for the Technical PHA position was open from July 26, 2011, to March 12, 2012. I-1 IAF, Tab 9 at 73, Tab 10 at 71. The application included a section in which applicants were to identify their job preferences by checking boxes on the application form. I-1 IAF, Tab 9 at 56, Tab 10 at 56. The appellant indicated a job preference for HIV/AIDS on his application for the Management and Operations PHA position, but not on his application for the Technical PHA position. I-1 IAF, Tab 9 at 56, Tab 10 at 56.

¶3      The agency issued nine job requests under the Technical PHA announcements and six job requests under the Management and Operations PHA announcements. I-1 IAF, Tab 43 at 23-110, Tab 44. The appellant was not considered for two of the Technical PHA positions because only applicants who had listed HIV/AIDS as a job preference were considered for those positions. *See* MSPB Docket No. DE-3330-12-0137-I-1, Initial Appeal File (0137 I-1 IAF), Tab 7 at 31.

¶4      For the thirteen remaining positions, the appellant's application was reviewed by one of three Human Resources (HR) Specialists: R.T.; T.A.; and F.R. *See* MSPB Docket No. DE-3330-12-0338-I-2, Initial Appeal File (I-2 IAF), Tab 5, Initial Decision (ID) at 3 (citing hearing testimony of the three HR Specialists). He was rated not qualified for any of those positions because the reviewing HR Specialist determined that he had not demonstrated the required 1 year of specialized experience at the grade level below that of the position being filled. *Id.*; *see, e.g.*, I-1 IAF, Tab 43 at 95. Therefore, the appellant's name was not listed on the certificates of eligibles generated under the competitive announcements for the PHA positions and his application for those positions was

---

(Announcement 476). I-1 IAF, Tab 10 at 71. The announcement number for the competitive vacancy announcement for the Technical PHA position was HHS-CDC-OD-11-432471 (Announcement 471). I-1 IAF, Tab 9 at 73.

not referred to the selecting officials for further consideration. *See, e.g.*, I-1 IAF, Tab 43 at 46.

¶5    After exhausting his administrative remedies with the Department of Labor, the appellant filed two VEOA appeals with the Board challenging his nonselection for the PHA positions under Announcements 471 and 476.[3]  I-1 IAF, Tab 1; 0137 I-1 IAF, Tab 1.  The administrative judge joined the appeals for adjudication.  I-1 IAF, Tab 16.

¶6    After holding the appellant's requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action under VEOA.  ID at 2, 10.  The administrative judge found that the agency properly did not consider the appellant for two of the Technical PHA positions because he did not check the box indicating a job preference for HIV/AIDS on his application for the Technical PHA position.  ID at 6-7.  The administrative judge further found that the agency properly considered the appellant's experience in determining that he was not qualified for the remaining thirteen PHA positions which it sought to fill during the period at issue.  ID at 7-9.  The administrative judge also found that the appellant did not show that the agency improperly failed to afford him priority consideration in the selection process for the PHA positions.  ID at 9-10.

¶7    The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the petition for review.  PFR File, Tab 4.

---

[3] As explained in the agency's motion to consolidate and join the two appeals, one appeal (MSPB Docket No. DE-3330-12-0137-I-1) covered the agency's PHA requests between August 2011, when the appellant submitted his application, and December 2011; the other appeal (MSPB Docket No. DE-3330-12-0338-I-1) covered the agency's subsequent PHA requests under Announcements 476 and 471.  I-1 IAF, Tab 12 at 4.

**ANALYSIS**

<u>The administrative judge correctly found that the agency properly considered the appellant's experience in determining that he was not qualified for the PHA positions.</u>

¶8        On review, the appellant reasserts his argument from below that the agency did not properly credit his experience in determining that he was not qualified for the PHA positions at issue in this appeal.  PFR File, Tab 1 at 5; I-2 IAF, Tab 2 at 15-17.  He asserts that his military experience in Vietnam provides "specialized experience" that should qualify him for the PHA positions at the GS-14 level, at a minimum.  PFR File, Tab 1 at 5.  He further asserts that the "main reason" he is "most qualified" for the PHA positions is his "other **28 years** of high level work in public health, health communications, and health care administration, twenty of which were in a developing country."  *Id.* (emphasis in original).

¶9        Under 5 C.F.R. § 302.302(d), when experience is a factor in determining eligibility, an agency shall credit a preference-eligible as follows:

> (1) with time spent in the military service of the United States if the position for which he/she is applying is similar to the position which he/she held immediately before his/her entrance into the military service; and

> (2) with all valuable experience, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether pay was received therefor.

¶10        The administrative judge found that, because the appellant did not hold a position similar to the PHA position prior to entering the military, the key issue regarding the agency's compliance with this provision was whether the agency properly considered all of the appellant's "valuable experience" in finding that he was not qualified for the PHA positions at issue.[4]  ID at 6.  The administrative

---

[4] As the appellant notes in his petition for review, the initial decision cites the testimony of C.J. and P.M., who were not involved in this appeal.  PFR File, Tab 1

judge found that, while the announcements for both the Technical and the Management and Operations PHA positions listed duties that required experience with public health programs and grants/cooperative agreements and comparable funding sources, neither the appellant's military experience, nor his private sector experience involved public health programs or grants/cooperative agreements. ID at 7.

¶11     The administrative judge then considered the testimony of the three HR Specialists who found that the appellant did not have the necessary 1 year of specialized experience at the grade level below that of the position being filled. ID at 7-8. In her hearing testimony, as summarized in the initial decision, F.R. stated that the appellant's private sector experience did not show work in or with public health programs, but rather a great deal of work at public health facilities. ID at 7. In particular, she explained that the portion of the appellant's résumé in which he claimed to have collaborated with others in the formation, development, and implementation of various public health programs was not sufficiently specific to show that he had such experience because he did not include details explaining the degree of collaboration, such as the length of the projects and the level of leadership involved. ID at 7-8 (citing hearing testimony of F.R.); *see* I-1 IAF, Tab 9 at 65. T.A. testified that the appellant's résumé showed extensive budget and administrative experience but did not show experience related to the

---

at 24; *see* ID at 6. Specifically, in the initial decision, the administrative judge states: "I find that [C.J.] and [P.M.] [sic] appropriately considered the appellant's military experience and private-sector work history." ID at 6. The administrative judge appears to be referring to C.J. and P.M., who testified as agency witnesses during the hearing in another of the appellant's VEOA appeals against the agency, MSPB Docket No. DE-3330-12-0399-I-2. This error provides no basis for disturbing the initial decision because the administrative judge's subsequent discussion of the hearing testimony demonstrates that he properly based his determination that the agency appropriately considered the appellant's experience in determining that he was not qualified for the relevant PHA positions on the hearing testimony of the three HR Specialists who reviewed the appellant's applications under Announcements 476 and 471. *See* ID at 7-8.

PHA position, especially as a principal representative planning strategic initiatives. ID at 8. R.T. testified that the appellant's résumé did not show experience analyzing public health problems, as it did not show that he was the principal representative providing technical and administrative assistance regarding public health programs. *Id.*

¶12 The administrative judge credited the testimony of the HR Specialists, finding that their testimony was similar and compelling, and that each of them testified straightforwardly. ID at 7-8. The administrative judge found that the testimony of these witnesses shows that the agency complied with 5 C.F.R. § 302.302(d) by properly considering all of the appellant's "valuable experience" in determining that he was not qualified for the thirteen PHA positions the agency sought to fill during the period at issue in these appeals. ID at 8. Therefore, the administrative judge found, the appellant's VEOA rights were not abridged or violated. ID at 8.

¶13 The appellant challenges this finding on review, arguing that the administrative judge erred in crediting the hearing testimony of the agency's HR Specialists. PFR File, Tab 1 at 24. In support of this argument, the appellant asserts that T.A. had erroneously identified him as a nonveteran in the selection process for another PHA position, and he contends that this error "ought to totally eliminate her credibility." *Id.* Regarding the other two HR Specialists, the appellant states, "[T]hese women have never worked in public health, cannot even define what several of the public health programs listed on my résumé are (!) and in both cases could not even ***pronounce*** the name of one public health program, all of which are identified and defined on the CDC's own website." *Id.* (emphasis in original).

¶14 The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*

*v. Department of Justice*, [288 F.3d 1288](#), 1301 (Fed. Cir. 2002). Sufficiently sound reasons to overturn an administrative judge's demeanor-based credibility determinations include circumstances when the judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, [96 M.S.P.R. 203](#), ¶ 8 (2004). The appellant's bases for challenging the administrative judge's credibility determinations regarding the three HR Specialists (e.g., T.A.'s error in a previous selection process, and the other HR Specialists' alleged lack of experience in public health) do not constitute sufficiently sound reasons for overturning those determinations. Accordingly, we discern no reason to disturb the administrative judge's findings that the testimony of the agency's HR Specialists shows that the agency complied with [5 C.F.R. § 302.302](#)(d) by properly considering all of the appellant's "valuable experience" in determining that he was not qualified for thirteen of the PHA positions the agency sought to fill during the period at issue. ID at 8.

The administrative judge properly found that the appellant did not show that the agency improperly failed to afford him priority consideration in the selection process for the PHA positions.

¶15 The appellant also asserts on review, as he did below, that the agency was required to afford him priority consideration[5] for the PHA positions at issue in this appeal because the Board found in one of his prior VEOA appeals that the agency had failed to afford him veterans' preference in the rating process for a PHA position in Kazakhstan. PFR File, Tab 1 at 13; I-2 IAF, Tab 2 at 12-13; *see Jones v. Department of Health & Human Services*, [119 M.S.P.R. 355](#), ¶¶ 12-13 (finding that the agency violated the appellant's veterans' preference rights by erroneously identifying him as a "non-veteran" on the applicant listing report for a PHA position), *aff'd*, 544 F. App'x 976 (Fed. Cir. 2014). The appellant asserts

---

[5] Priority consideration is a special placement priority that is given to an eligible who was previously denied consideration due to an administrative error or a law or regulatory violation. *See* I-1 IAF, Tab 28 at 17.

that the agency's error entitles him to "priority placement" for all subsequent positions until he is hired. PFR File, Tab 1 at 13.

¶16    As the administrative judge explained, however, in *Jones*, the Board also found that the appellant did not suffer any harm as a result of the agency's failure to afford him veterans' preference because the agency did not select anyone to fill that position under either the competitive vacancy announcement by which the appellant applied for the position or a concurrent merit promotion announcement. *See* ID at 9; *Jones*, 119 M.S.P.R. 355, ¶ 14. In addition, the Board found that, even if the agency had made a selection for the Kazakhstan vacancy under either announcement, the appellant would not have been selected for the position because the only applicants under the competitive announcement whose names appeared on the certificate of eligibles for that announcement were rated Best Qualified on the applicant listing report for that announcement and the appellant was not rated Best Qualified on that report. *Jones*, 119 M.S.P.R. 355, ¶ 15.

¶17    In light of the Board's finding that the appellant would not have been selected for the Kazakhstan vacancy even absent the agency's failure to afford him veterans' preference in the rating process for that vacancy, the appellant was not entitled to priority consideration in the selection process for the positions at issue in this appeal. Moreover, as the administrative judge noted in the initial decision, because the agency properly found that the appellant was not qualified for the pertinent PHA positions, any failure to afford him priority consideration would have been a harmless error. ID at 9; *see Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991) (an agency error is harmful only where the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error). Therefore, the administrative judge correctly found that the appellant did not show that the agency improperly failed to afford him priority consideration in the selection process for the PHA positions in dispute. ID at 9-10.

The appellant's remaining arguments on review.

¶18    The appellant raises several additional arguments in his petition for review, which do not provide a basis to disturb the initial decision.  He contends that he is entitled to "immediate interim relief" because the administrative judge violated Board policy by failing to issue an initial decision within 120 days of the acknowledgement order.  PFR File, Tab 1 at 19-20; *see* 0338 I-1 IAF, Tab 2 at 3.  The appellant did not suffer any harm as a result of this alleged error, so his argument does not establish a basis for review.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶19    The appellant also asserts that the administrative judge improperly failed to address whether the CDC has the right:  (1) to hire non-Americans for positions for which American citizenship is a key requirement; and (2) to refuse to hire anyone over the age of 60 or 62.  PFR File, Tab 1 at 20-22.  Regarding the first issue, the appellant asserts that the agency improperly offered a British national a PHA position in Chad without even interviewing an American veteran who was rated Best Qualified on the certificate of eligible candidates for the position.  *Id.* at 20-21.  As for the second issue, which the appellant characterizes as "dispositive," he contends that an agency witness testified during the hearing that the CDC has a policy of not hiring candidates for PHA positions located overseas who are over the age of 60 or 62.  *Id.* at 21-22.

¶20    VEOA authorizes the Board to determine only whether an agency, in connection with the action that is the subject of an appeal, has violated a statutory or regulatory provision relating to veterans' preference.  *Villamarzo v. Environmental Protection Agency*, 92 M.S.P.R. 159, ¶ 5 (2002).  The citizenship and age of the individuals selected for a position are not material to that issue and, therefore, the administrative judge properly did not address these matters in

the initial decision.  Moreover, to the extent that the appellant is attempting to raise an age discrimination claim, it is well settled that the Board has no authority to adjudicate discrimination claims in connection with VEOA appeals.  *See Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.